Gadbury *et al. v.* Stahl, Executor.

---

GADBURY ET AL. *v.* STAHL, EXECUTOR.

EXECUTOR.—*Sale of Real Estate.—Report of Sale.—Remote Damages.*—To a complaint by an executor upon a promissory note, the defendant answered, that he gave the note for the payment in part of the purchase-money of land bought from the plaintiff as executor, and that said purchase was made, as the plaintiff well knew, for the purpose of selling a portion of the same to a certain railroad company, to erect a depot thereon, but that the plaintiff neglected to report said sale to the court and have the same confirmed and a deed made at the April term of the common pleas court, and until the September term thereof, whereby the sale thereof to the railroad company was lost, and the enhanced value of said land which would have resulted from the erection of said depot was lost, to the damage of the defendant five hundred dollars, which sum he offered as a counter-claim. It was not alleged that the defendant did not know that the plaintiff would not report said sale ; nor was it averred that the defendant moved the court to require such report, or that the plaintiff agreed to make such report at said term, or that the defendant had made a valid contract with the railroad company.

*Held* that the damages were too remote.

APPEAL from the Blackford Circuit Court.

PETTIT, C. J.—Appellee sued appellants, Gadbury, Beath, Ransom, and Saxon, on a note payable to him, as executor. The complaint is in the usual and proper form.

All the defendants answered by general denial. Defendant Gadbury alone filed a second and third paragraph of the answer. They are, in all legal respects, the same, and so admitted to be by appellants' brief; we need, therefore, only set out the second paragraph, which is as follows:

" The defendant Gadbury, for further answer to the complaint in this cause, says that he purchased the following described lands, to wit: the south-east quarter of section eleven, township twenty-three north, range ten east, except ninety-six rods in the same, in Blackford county, Indiana, of the plaintiff, and for which the note in suit was in part consideration executed; and defendant avers that, at the time the contract was entered into between the plaintiff and defendant for the purchase of said land, it was well known to plaintiff that defendant was purchasing said land with the expectation of procuring the location of the depot of The Ft. Wayne, Muncie, and Cincinnati Railroad on the lands; and defendant avers that he had such arrangement with said railway company, by which he was to transfer to said company lands for such depot at and for the sum of————; that said company would have located said depot on said grounds, if said defendant could have transferred the right to such grounds to said company. But defendant avers that he purchased said lands on the 22d day of February, 1870, and that a certificate was made of such sale to him by said plaintiff, on said day; and the defendant avers that it was the duty of said plaintiff to have procured said sale to be confirmed at the April term, 1870, of the common pleas court of said county; and defendant avers that said plaintiff failed and neglected to procure the confirmation until September term, 1870, of said court, and during all which time defendant was unable to make said company a title to said depot grounds, which he could and would have done if said sale had been confirmed, as it might and ought to have been done, if said plaintiff had caused a report to be made to such court. The defendant avers that, by reason of the failure of said plaintiff to cause said sale to be confirmed at said

April term of said court, as he might have done, the defendant was unable to make said company a title to such depot grounds, and said company located their said depot at another place. The defendant avers that the location of said depot on said lands would have enhanced the value of said lands and rendered it of greater value than the sum the defendant was to pay for the same. Wherefore defendant says that, by reason of said failure of plaintiff as aforesaid, defendant has suffered damages in the amount of five hundred dollars; which sum defendant will offer as a counter-claim against any sum which plaintiff may establish against said defendant in said cause."

Other paragraphs and rulings on them are spoken of, but they are not in the transcript, except that, by way of abundant caution, the general denial is twice pleaded.

To the second and third paragraphs of Gadbury's answer, there was a demurrer, for want of sufficient facts, sustained, exception taken, and this ruling is assigned for error. This paragraph is very loosely, not to say awkwardly, drawn, but if it were well drawn, we should hold that the damage is too remote and contingent to be recovered in this way. We waive the questions as to whether this is an attempt to answer the whole complaint, but only answers a part of it, and whether it should not have been by all the defendants; yet we must hold the answer bad, because it does not show that the plaintiff agreed to report the sale and have it confirmed at the April term, and because it does not show that Gadbury had made a valid and legally binding contract with the railroad company for the sale of the lands. Admitting that it was the duty of the executor to make a report of the sale to the common pleas court, at the first term after the sale was made, and he did not do it, yet the answer does not show but that Gadbury knew that the executor would not do his duty in this respect, or that he moved the court for a rule against the executor to do his duty, as he might undoubtedly have done.

It is assigned for error that the court did not carry back

the demurrer to the answer to the complaint. We have already declared this complaint good.

There was a trial by the court, and finding for the plaintiff below for the amount of the note and interest, motion for a new trial, for the reasons, first, in sustaining the demurrer to the answer; this is no cause for a new trial; second, for excessive assessment of damages. We have calculated the interest on the note, and instead of the damages being too large, they are in fact about eight dollars too small; third, the demurrer should have been sustained to the complaint. This is no reason for a new trial; besides, we have above twice ruled that the complaint was good. There was a motion in arrest of judgment, for the reasons, first, the court erred in sustaining the demurrers to the ——— paragraphs of the answer, and to the amended third paragraph of the defendant's answer. This is no reason or cause for arresting a judgment, but if it was, the above rulings dispose of it.

Second. The demurrers to the answer should have been sustained to the complaint. This has been disposed of above.

Third. The court erred in the assessment of damages, the same being too large. This is no reason for the arrest of the judgment; besides, it is false in fact and law, as we have seen above.

We are fully impressed that this appeal has no merits in it, and that it was brought here for delay merely, and not to correct any error of the court below, or to redress any legal grievance the appellants had suffered by its action.

The judgment is, in all things, affirmed, at the costs of the appellants, with five per cent. damages.

*A. Steele, R. T. St. John, W. A. Bonham, C. H. Test, D. V. Burns*, and *G. S. Wright*, for appellants.

*J. Brownlee* and *H. Brownlee*, for appellee.